**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE R. HARRIS ) | NO. ED CV 05-968-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, COMMISSIONER ) OF SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on October 19, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on December 2, 2005.

Plaintiff filed a motion for summary judgment on March 30, 2006. Defendant filed a cross-motion for summary judgment on May 1, 2006. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed October 21, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based on a variety of alleged impairments (Administrative Record ("A.R.") 37, 331-35, 349). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff, medical experts, and a vocational expert (A.R. 342-411). The ALJ found Plaintiff retains the residual functional capacity to perform light work with certain restrictions, including an inability to "operate hazardous or fast-moving machinery" (A.R. 17, 22). Based on the testimony of a vocational expert, the ALJ found that this residual functional capacity would allow Plaintiff to perform three jobs existing in significant numbers: cashier II, bench assembler, and small product assembler II (A.R. 21, 389-392, 407-409). The Appeals Council denied review (A.R. 5-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

///
///

2

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

When an individual can perform work "which exists in the national economy," the individual is deemed not disabled. 42 U.S.C. § 423(d)(2)(A). "'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." Id.; accord 20 C.F.R. § 404.1560(c); 20 C.F.R. § 416.961(c). If work exists in such numbers, it is legally irrelevant whether "such work

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

exists in the immediate area in which [the individual] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. § 423(d)(2)(A). The Ninth Circuit "has never clearly established the minimum number of jobs necessary to constitute a 'significant number.'" Barker v. Secretary, 882 F.2d 1474, 1478 (9th Cir. 1989). Whether there exists a significant number of jobs "in the national economy," is a question of fact to be determined by the administrative law judge. See Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986).

In the present case, the vocational expert testified that a person having Plaintiff's residual functional capacity could perform the job of cashier II. Substantial evidence supports this testimony. Plaintiff does not argue otherwise. The vocational expert testified, and the ALJ found, that there exist 1,250 cashier II jobs regionally and 25,000 such jobs nationally that Plaintiff could perform (A.R. 21, 408). These numbers of jobs are "significant." See Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (between 1,000 to 1,500 jobs in the local area constituted a significant number); Barker, 882 F.2d at 1479 (1,266 jobs in the local Los Angeles/Orange County area constituted a significant number).

Plaintiff argues only that her residual functional capacity (specifically her alleged inability to work around hazardous machinery) precludes the performance of the bench assembler and small products assembler II jobs also identified by the vocation expert. The Court need not and does not address this alleged error, because

4

1  the error, if any, is harmless.  Even excluding consideration of
2  Plaintiff's alleged ability to perform the bench assembler and small
3  products assembler II jobs, substantial evidence supports the
4  conclusion Plaintiff can work.
5
6                              **CONCLUSION**
7
8       For all of the reasons discussed herein, Plaintiff's motion
9  for summary judgment is denied and Defendant's motion for summary
10 judgment is granted.
11
12      LET JUDGMENT BE ENTERED ACCORDINGLY.
13
14           DATED:  May 10, 2006.
15
16                         _____/S/_____
                                    CHARLES F. EICK
17                         UNITED STATES MAGISTRATE JUDGE

5